```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT
                                      :
HOLLY THRASHER,                       :
     Plaintiff,                       :
                                      :
     v.                               :   No. 2:07-cv-53
                                      :
THOMAS MELVIN; ANITA MELVIN AND       :
HEDY MELVIN, as Trustees of the       :
Thomas Melvin Revocable Trust;        :
and BETSY MELVIN, Individually        :
and as Trustee of the Betsy           :
Melvin Revocable Trust,               :
     Defendants.                      :
                                      :
```

## MEMORANDUM AND ORDER

Plaintiff Holly Thrasher commenced this action on March 12, 2007.  Thrasher has asserted claims of breach of fiduciary duty (Count I) and fraud and conversion (Count II) against her stepfather, Thomas Melvin, and her mother, Betsy Melvin, individually and as trustees of the Thomas Melvin Revocable Trust and the Betsy Melvin Revocable Trust, respectively.  Defendants Anita Melvin and Hedy Melvin, daughters of Thomas Melvin, are parties to this action in their capacity as trustees of the Thomas Melvin Revocable Trust.

Defendant Thomas Melvin died on September 21, 2007.  On October 4, 2007, Counsel for Thomas Melvin moved to strike Melvin as a party to the case based on his death.  Both Thrasher and Betsy Melvin opposed this motion; in addition to citing technical

deficiencies in the motion, they noted that Rule 25 of the Federal Rules provides for a ninety-day period after the Suggestion of Death during which the parties may move to substitute.  On December 13, 2007, Thrasher moved to substitute Anita and Hedy Melvin as co-executrixes of the Estate of Thomas Melvin as parties to the action pursuant to Fed. R. Civ. P. 25(a)(1).  The Court held a hearing on January 23, 2008; however, it reserved decision on these motions to allow the parties an opportunity to submit responsive pleadings.

Also pending before the Court are the following motions: Plaintiff's Motion for Protective Order as to Discovery (Doc. 144); Plaintiff's Motion to Dismiss Betsy Melvin as a Defendant in this Action (Doc. 145); Plaintiff's Motion to Strike Supplemental Opposition Memoranda (Doc. 153); Defendant Thomas Melvin's Motion to Amend Answer (Doc. 154); Defendants Anita and Hedy Melvin's Third and Fourth Motions to Modify the Court's Order of May 3, 2007 (Docs. 155, 158); and Defendant Betsy Melvin's Motion to Modify the Court's Order of May 3, 2007.

**I. Defendant Thomas Melvin's Motion to Strike Name of Deceased Party (Doc. 78) and Plaintiff's Motion to Substitute Party (Doc. 99)**

As noted above, on October 4, 2007, Counsel for Thomas Melvin filed a Suggestion of Death and moved to strike Melvin as

a party to the case.  The Federal Rules provide that "[a] motion for substitution may be made by any party . . . within 90 days after service of a statement noting the death."  Fed. R. Civ. P. 25.  On December 13, 2007, Thrasher timely moved to substitute Thomas Melvin's daughters as co-executrixes of his estate as parties to the action pursuant to Rule 25(a)(1).

Because the Court sits in diversity, it looks to state substantive law in determining whether Plaintiff's claims survive.  The parties neither question nor contest "the harsh common law rule that personal tort actions die with the person of the plaintiff or the defendant."  *Whitchurch v. Perry*, 408 A.2d 627, 630 (Vt. 1979).  The issue presented is whether Thrasher's claims for breach of fiduciary duty and for fraud and conversion are covered by Vermont's survival statutes, 14 V.S.A. §§ 1451-1453.  Section 1451 reads as follows:

> Actions of ejectment or other proper actions to recover the seisin or possession of lands, tenements or hereditaments, actions of replevin, actions of tort on account of the wrongful conversion of personal estate and actions of tort on account of a trespass or for damages done to real or personal estate shall survive, in addition to the actions which survive by common law, and may be commenced and prosecuted by the executor or administrator.

Although the language of the statute expressly provides for survival of conversion claims, Melvin's counsel has argued that neither of Thrasher's claims survive.  To this end, he advances an exceptionally narrow reading of the statutory language.  He

argues that tort claims can only survive if they involve "direct and particularized injuries to specific personal estate." (Def.'s Opp'n to Pl's Mot. for Substitution 8.)  In addition, he argues that personal estate should be limited to specific personal property.  In support of this argument, Melvin's counsel cites a number of nineteenth century Vermont Supreme Court decisions analyzing a predecessor survival statute.  With regard to the instant facts, he contends that Thrasher has not adequately identified specific personal property that was affected by the alleged tortious conduct and thus that her claims do not survive.

Melvin's argument fails on two grounds.  First, although counsel cites to a handful of nineteenth century cases in which the Vermont Supreme Court decided not to extend application of the statute to claims which fell plainly outside the text of the statutory language, these cases are readily distinguishable on their facts.  For example, the Vermont Supreme Court has held that personal estate does not include the right of a father to services of his minor daughter, *Davis v. Carpenter*, 47 A. 778 (Vt. 1900), nor a mother's bastardy claims against putative father, *Rollins v. Chambers*, 49 Vt. 515 (1877), nor the right of a town to recover support payments for a pauper, *Town of Winhall v. Estate of Sawyer*, 45 Vt. 466 (1873).  None of the foreclosed claims involved allegations of misappropriation or conversion of

a plaintiff's monies or equitable interests therein.[1]  The Court finds precious little in these decisions that warrants their application to the present context.

Second, Melvin relies heavily on *Barret v. Copeland*, 20 Vt. 244 (1848).  The facts in *Barret* are again readily distinguishable.[2]  Nonetheless, Melvin is correct that dictum in that decision equated personal estate with specific personal property.  20 Vt. at 248.  However, in a number of subsequent decisions, the Vermont Supreme Court clearly retreated from that position, instead adopting a much broader definition of personal estate.  *Bellows v. Allen*, 22 Vt. 108 (1849).  Thus the court wrote, one year after *Barret*:

> The word "personal," in this clause, is contrasted with the word "real," and the term "personal estate," in the connection in which it is used, must be understood to embrace every species of property not of a freehold nature, including not only goods and chattels, but rights

---

[1]  *Jones v. Estate of Ellis*, the only case that is remotely relevant and potentially favorable to Melvin's position, held that a tort action for alleged fraud in the sale of stocks did not survive under the predecessor statute. *Jones v. Estate of Ellis,* 35 A. 488 (Vt. 1896).  Yet, in so holding, the court narrowly cabined its ruling to allegations of fraud that create "a liability upon another to pay." *Id.*  Notably, the facts of that case did not involve any allegations of misappropriation or conversion.  In addition, the court noted that the case was properly tried as a contract action for breach of warranty.  *Id.*

[2]  The underlying tort alleged by Barret was one against his person; however, the predecessor to § 1452 (which provides for survival of torts for personal injury) was only first passed in 1847, three years after plaintiff filed this action.  Consequently, the Vermont Supreme Court held that the action did not survive.  *Barret v. Copeland*, 20 Vt. 244, 249 (1848).

5

> and credits also. Such is the ordinary legal
> signification of the term. In that sense the words
> "personal estate" are generally, if not universally, used
> throughout the Revised Statutes. . . . And I apprehend
> there can be no doubt whatever, that the legislature, in
> passing the statute giving the actions of trespass and
> trespass on the case for damages done to personal estate,
> intended to furnish a remedy for injuries done to the
> rights and credits of a testator, or intestate, as well
> as to his specific goods and chattels.

*Id.* at 111; *see also Dana v. Lull*, 21 Vt. 383, 389 (1849) (holding that "some of the expressions used by the judge [in *Barret*], if they are to be understood in the most extended signification, would narrow and limit the survivorship of action, beyond what we should be disposed at this time to hold"). Indeed, the court announced that the language "for damages done to real and personal estate" should be construed liberally. *Dana*, 21 Vt. at 390.

In the present case, Thrasher's claims clearly fall within the plain meaning of the statutory language. First, both of Thrasher's claims are bottomed on allegations of misappropriation and conversion. As such, both claims survive under § 1451 as tort actions brought "on account of the wrongful conversion of personal estate." Furthermore, in both counts, Thrasher alleges that the tortious conduct directly interfered with her legal and equitable rights to certain monies. Consequently, both claims are covered by the clause in § 1451 that provides for the survival of tort actions "for damages done to . . . personal

estate." Section 1451 does not require that Thrasher be able to trace the funds which she alleges were converted, nor does it require any greater specificity of identification.

For the foregoing reasons, the Court DENIES Defendant Thomas Melvin's Motion to Strike Name of Deceased Party (Doc. 78) and GRANTS Plaintiff's Motion to Substitute Party (Doc. 99). Anita and Hedy Melvin, co-executrixes of the Estate of Thomas Melvin are hereby substituted as parties to this action in lieu of Thomas Melvin pursuant to Fed. R. Civ. P. 25(a)(1).

**II.  Plaintiff's Motion for Protective Order as to Discovery (Doc. 144)**

Thrasher filed this motion seeking a protective order against further discovery on the issue of alleged violations of the Court's Order dated May 3, 2007. At the last hearing on January 23, 2008, Thrasher's counsel notified the Court of concerns that transfers of Thomas Melvin's assets had been made in violation of the Court's Order. The Court allowed Thrasher and Defendants Thomas Melvin and the trustees of the Thomas Melvin Trust the opportunity to conduct further discovery on potential violations of the Order. Defendants sought discovery with regard to Thrasher's withdrawals from Betsy Melvin's accounts. When Thrasher did not comply with Defendants' discovery requests, Defendants moved to compel discovery. The Court granted as unopposed Defendants' Motion to Compel on March

27, 2008, ordering Thrasher to comply by April 11, 2008.

On April 10, 2008, Thrasher filed the instant motion.  She argues that the information sought is irrelevant because the Defendants have no interest in Betsy Melvin's estate.  She contends that compliance will only result in increased litigation costs and attorneys' fees.

Defendants argue first that the motion should be denied as untimely.  They argue that Thrasher should have raised these concerns earlier.  However, they note that Fed. R. Civ. P. 26(c) does not provide any explicit time limits.  Nonetheless, they persuasively argue that granting the motion would allow Thrasher to circumvent the Court's earlier orders and is, in a sense, an abuse of process.  Furthermore, the information sought is relevant because it may show that Thrasher has taken Betsy Melvin's assets as her own.  Such self-help withdrawals may constitute a partial satisfaction against any judgment to which Thrasher is entitled from the Defendants.

For the reasons stated above, the Court hereby DENIES Plaintiff's Motion for Protective Order as to Discovery (Doc. 144).  Plaintiff must respond to discovery requests made pursuant to the Court's Order on January 23, 2008, within ten days of this Order.

**III.  Plaintiff's Motion to Dismiss Betsy Melvin as a Defendant (Doc. 145) and Defendants' Motion to Amend Answer to Assert Cross-claim and Counterclaim (Doc. 154)**

On April 10, 2008, Thrasher moved to dismiss Betsy Melvin as a defendant pursuant to Fed. R. Civ. P. 41(a)(2).  Rule 41(a)(2) allows the Court to dismiss the action on terms it considers proper.  Defendants Thomas Melvin and the trustees of the Thomas Melvin Trust have opposed the motion arguing that Betsy Melvin is an indispensable party and arguing that Thrasher is merely contriving to avoid her discovery obligations.  Defendants argue that Betsy Melvin is a required party under Rule 19(a).  Thrasher admits to this, but contends that Betsy Melvin's joinder is not mandatory under Rule 19(b).

On April 30, 2008, the Defendants Thomas Melvin and the trustees of the Thomas Melvin Trust moved to amend their answer to assert a cross-claim against Betsy Melvin and a counterclaim against Thrasher.  Neither Thrasher nor Betsy Melvin have filed memoranda in opposition.

The Court hereby GRANTS Defendants' Motion to Amend Answer Assert Cross-claim and Counterclaim (Doc. 154) as unopposed.  As such, Betsy Melvin remains a party to the action and the Plaintiff is not excused from any discovery obligations.  Consequently, the Court sees no prejudice to any party nor any equitable impediment arising from the dismissal of Plaintiff Thrasher's claims against Betsy Melvin.  The Court therefore

GRANTS Plaintiff's Motion to Dismiss Betsy Melvin as a Defendant (Doc. 145).

**III.   Other Pending Unopposed Motions**

On April 25, 2008, Thrasher moved to strike two supplemental opposition memoranda (Docs. 151, 152) filed by Defendant Thomas Melvin in response to Thrasher's earlier motions.  The Court hereby GRANTS Plaintiff's Motion to Strike (Doc. 153) as unopposed.

Defendants Anita and Hedy Melvin, as trustees, have filed Third and Fourth Motions to Modify on April 30, 2008, and May 27, 2008, respectively.  Both motions request that the Court modify its Order dated May 3, 2007, so as to allow the Defendants to pay for continuing legal expenses.  On June 3, 2008, Betsy Melvin also filed a motion to modify the Court's Order to allow her to pay overdue payments for ordinary living expenses.  Betsy Melvin states that she suffered a serious medical injury on February 12, 2008, and consequently has fallen behind in making these payments.

The Court hereby GRANTS Defendants' Third Motion to Modify the Court's Order of May 3, 2008.  The remaining two motions are thus far unopposed.  However, the Court is mindful that the deadlines for opposition to these motions have yet to pass.  Subject to any objections raised by the parties at the hearing scheduled for June 12, 2008, the Court is inclined to grant both motions.

Dated at Burlington, Vermont this 11th day of June, 2008.

                                               /s/ William K. Sessions III
                                               William K. Sessions III
                                               Chief Judge